UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| In Re: | * | |
| | * | |
| Stephanie Amer | * | Case No.: 19-10524 |
| Debtor | * | (Chapter 13) |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS

Stephanie Amer (the "Debtor"), by and through her undersigned attorney, files this Motion to Sell Real Property Free and Clear of Liens, Claims, Encumbrances and Interests (the "Motion"), and states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this Court is proper pursuant to 28 U.S.C. § 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157. The statutory predicate for the relief sought in this Motion is § 363(b) and (f) and § 1303 of title 11 of the United States Code (the "Bankruptcy Code"), as complemented by Rule 6004 of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

2. On January 14, 2019 (the "Petition Date"), the Debtor filed with this Court a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code.

3. The Debtor has an interest in real property located at 3384 St. Benedict Street, Baltimore, MD 21229 (the "Property"). The property is owned by Debtor in fee simple. The Debtor's interest in the Property is property of the bankruptcy estate.

4. The Property was worth $72,467.00 on the Petition Date according to the Maryland State Department of Assessments and Taxation website (Exhibit "A").

5. Debtor recently received a contract to purchase the Property for $62,000.00 and, based on comparable sales and the condition of the Property, she believes this to be a fair and reasonable sales price for the Property.

6.     The following secured claims are attached to the Property (hereinafter the "Secured Claims"):

    (a) Baltimore City water bill in the approximate amount of $552.71 (See Exhibit "B" attached hereto).

    (b) A deed of trust lien in favor of/serviced by Carrington Mortgage ("Carrington") in the amount of $173,747.68 as of the Petition Date (*see* Claim No. 5).

    (c) Judgment lien in favor of Portfolio Recovery Associates, LLC in the approximate amount of $2,559.12 (See Exhibit "C" attached hereto)

7.     Counsel was presented with a contract of sale (the "Agreement") between the Debtor ("Seller") and Nathanael Rojas ("Buyer") to purchase the Property for $62,000.00, on October 11, 2019, pending approval of the Bankruptcy Court. A copy of the Agreement is annexed hereto as Exhibit "D", and the Addendum thereto as Exhibit "E". If approved, this will be an "arms-length" transaction as the Seller and Buyers are unrelated.

8.     Therefore, the Buyers are a disinterested party in accordance with the Bankruptcy Code.

9.     The Agreement was negotiated in good faith.

10.    The Debtor used Keller Williams Integrity and its agent, Brandon Hargreaves (the "Broker") to locate this Buyer. A copy of the listing agreement will be attached to the Application to Employ Real Estate Broker, which will be filed with this Court in short order. The listing agreement entitles the Broker and/or Agent to a six percent (6.0%) commission, which the Broker/Agent is authorized to share with the Buyer's broker/agent.

11.    The Debtor anticipates having settlement charges of approximately $6,237.12, including Baltimore City real property taxes, real estate commissions, admin fees, attorneys' fees, transfer taxes and settlement fees. A preliminary HUD-1/CD is attached hereto as Exhibit "F".

12.    The Debtor anticipates that the sale will not generate funds sufficient to pay off the Secured Claims in full.  Carrington Mortgage's secured claim will only be partially paid off, and the sale will be contingent upon agreement by Baltimore City (which is owed for a water bill), Portfolio Recovery Associates, LLC., which holds a judgment lien.

13.    The Debtor does not expect that any net proceeds will be available for the estate.

14.     Any funds which do remain after the sale of the Property shall be turned over to the Chapter 13 Trustee to the extent that they are not otherwise exempt.

RELIEF REQUESTED

15. By this Motion, the Debtor seeks entry of an order, pursuant to § 363(b) and (f) and § 1303 of the Bankruptcy Code, authorizing and approving the sale of the Property to the Buyer set forth above, free and clear of any liens, claim, encumbrances or interests.

APPLICABLE AUTHORITY/BASIS FOR RELIEF REQUESTED

16. Section 363(b) of the Bankruptcy Code provides that a Trustee "may use, sell or lease, other than in the ordinary course of business, property of the estate." See 11 U.S.C. § 363(b). Section 363(f) of the Bankruptcy Code provides that a Trustee may sell property under Section 363(b) free and clear of any interest in such property of an entity other than the estate upon certain conditions. See 11 U.S.C. §363(f). One such condition is when, "such entity consents". *See* 11 U.S.C. §363(f)(2)

17. Section 1303 states that, "subject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(l), of this title. Thus, the Debtor is entitled to invoke §363(b) and (f) to sell the Property.

18. The Buyer is a good faith purchaser pursuant to 11 U.S.C. § 363(m).

19. The proposed sale is in the best interest of the Estate.

20. The sale price and commissions set forth in the Contract of Sale, annexed hereto as Exhibit "D", are fair and reasonable. The settlement charges on the final HUD-1 or CD will also be reasonable.

21. The Debtor does not believe that there are any other liens or encumbrances against the Property other than the ones mentioned herein.

22. The Property may be sold by the Debtor pursuant to 11 U.S.C. §363(f)(2) so long as Carrington Mortgage, the City of Baltimore and Portfolio Recovery Associates consent to the transaction. Carrington Mortgage has consented (*See* Exhibit "G").

18. Since Carrington Mortgage has consented to the transaction, and upon consent of the City of Baltimore and Portfolio Recovery Associates, LLC, all of the requirements of Section 363(f)(2) will be satisfied.

WHEREFORE, Debtor respectfully requests that this Court enter an Order:

(a)    Authorizing, subject to approval from all lienholders, the Debtor to sell her interest in the Property free and claim of liens, claim, encumbrances and interests pursuant to the agreement set forth herein, and

(b)    Granting the Debtor such other and further relief as this Court may deem just and proper.

/s/ Alon J. Nager_____
Alon J. Nager #28551
Nager Law Group, LLC
8180 Lark Brown Road, Suite 201
Elkridge, Maryland 21075
(443) 701-9669
(443) 701-9668 fax
alon@nagerlaw.com

<u>CERTIFICATE OF MAILING</u>

I HEREBY CERTIFY that a copy of the foregoing motion and notice thereof was sent on this 16th day of October, 2019, to:

By electronic mail to:

Rebecca A. Herr ecf@ch13md.com

Alon Nager alon@nagerlaw.com,
amanda@nagerlaw.com,
nagerar70680@notify.bestcase.com,
carolyn@nagerlaw.com,
brittany@nagerlaw.com,
hannah@nagerlaw.com

Malcolm Brooks Savage ecf@logs.com

By regular mail to:

All other parties listed on the Court's mailing matrix attached hereto as "Mailing Matrix".

/s/ Alon J. Nager
Alon J. Nager #28551
Attorney for the Debtor