UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

In re:                                *

    Stephanie Amer                    *          Case No. 19-10524

        Debtor                        *          Chapter 13

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## APPLICATION TO EMPLOY REAL ESTATE BROKER

Stephanie Amer (the "Debtor"), by and through her undersigned attorney, moves, pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code, and applies for authority to employ Keller Williams Integrity and its agent Brandon Hargreaves (the "Broker"), to market and locate prospective buyers for the Debtor's real estate which is an asset of the bankruptcy estate. In support thereof, the Debtor respectfully states as follows:

### I. Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter concerns the administration of the bankruptcy estate herein, and accordingly, this is a core proceeding pursuant to the provisions of 28 U.S.C. § 157(b)(2)(A) and (O), among other applicable provisions.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief sought herein is requested pursuant to the provisions of Sections 325 and 327 of the Bankruptcy Code.

### II. Background

2. On January 4, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

3. The Debtor's estate contains her interest in real property, which she owns in fee simple and intends to sell.  Specifically, the property in question is located at 3384 St. Benedict Street, Baltimore, MD 21229  (the "Property").

4. The Debtor had discussions with Broker's agents, Jennifer De La Rosa and Brandon Hargreaves (the "Broker"), prior to the Petition Date regarding the Property. A listing agreement was prepared and is attached hereto as Exhibit "A" (the "Agreement").

### III. Application

5. Debtor is requesting authority to retain and employ the Broker, as identified herein, for the purpose of liquidating the Property as part of this Chapter 13 case. Accordingly, the Debtor respectfully requests entry of an order pursuant to §§ 327(c) and 328(a) of the Bankruptcy Code authorizing the Debtor to employ and retain the Broker as a professional to perform the services described below for the benefit of the Debtor's estate.

6. The Broker will be employed to market and sell the Property.

7. The Broker does not believe that any conflict exists that would prevent it from adequately representing the interests of the Debtor's estate.

8. To the best of the Debtor's knowledge, information and belief, the Broker has no connection with the Debtor, her creditors, or any other parties-in-interest or their respective attorneys except for as set forth in the Broker's Declaration.

9. To the best of the Debtor's knowledge, information and belief, the Broker and its affiliates are not creditors or insiders of the Debtor except as set forth in the Broker's Declaration.

10. To the best of the Debtor's knowledge, information and belief, the Broker does not represent or hold any interest which is adverse to the Debtor or his estate with respect to the matters on which the Broker is to be employed.

11. The Debtor finds the Broker to be well qualified to represent her in connection with the real estate sale described herein and regards the retention of Broker as necessary and in the best interest of the Debtor, her estate, and her creditors.

12. The Broker will be compensated for services rendered in connection with this case in accordance with the terms and conditions set forth in the Agreement, the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court. As set forth in the Agreement, the Broker has agreed to charge the Debtor the customary contingency percentage

amount upon the sale of the Property.  The rate of six percent (6.0%) plus $295, as set forth in the Agreement, is reasonable and standard according to real estate industry practices and particularly given the fact that it is in a "distressed" situation. In other words, this is a more difficult situation than a typical property sale.

13. Pursuant to Bankruptcy Rule 2014, Debtor files simultaneously herewith a Verified Statement of Broker.

## IV. Conclusion

WHEREFORE, the Debtor respectfully submits that the best interest of the creditors and all parties-in-interest are served by employing the Broker as sales professional to liquidate the Property, and requests that the Court approve the application and order the following:

1. That the Debtor is authorized to retain and employ the Broker on the terms and conditions summarized herein and set forth in the Agreement; and
2. For such further relief as this Court deems just and proper.

Dated:  October 17, 2019

Respectfully submitted,

/s/ Alon J. Nager
Alon J. Nager, Bar No. 28551
Nager Law Group, LLC
8180 Lark Brown Road, Suite 201
Elkridge, Maryland 21075
443-701-9669
443-701-9668 fax
alon@nagerlaw.com
*Attorney for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 17th day of October, 2019, a copy of the foregoing was sent postage prepaid, first class mail to all Parties listed on the Court's Mailing Matrix attached hereto, and electronically, via cm/ecf, to those below:

Rebecca A. Herr ecf@ch13md.com

Alon Nager alon@nagerlaw.com,
amanda@nagerlaw.com,
nagerar70680@notify.bestcase.com,
carolyn@nagerlaw.com,
brittany@nagerlaw.com,
hannah@nagerlaw.com

Malcolm Brooks Savage ecf@logs.com

        /s/ Alon J. Nager
        Alon J. Nager